Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHROOZ SABZEHROO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>CAPITAL ONE SERVICES, LLC and DOES 1 through 10 inclusive,<br><br>       Defendants. | CASE NO.:  2:20-cv-10615<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his class action complaint against the Defendant, CAPITAL ONE SERVICES, LLC, alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of: the Rosenthal Fair Debt Collection Practices Act or California Civil Code §1788, et seq. ("Rosenthal Act"), which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices; the Fair Credit Reporting Act or 15 U.S.C. §1681 et seq. ("FCRA"); and California's Consumer Credit Reporting Agency Act or California Civil Code

1

§ 1785.1 et seq. ("CCRAA"), which requires maximum accuracy with regard to consumer credit reporting.  Plaintiff also alleges breach of contract and violations of California Business and Professions Code §17200 et seq.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201.

3. Upon information and belief, Defendant Capital One Services, LLC is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681 et seq.  Defendant is also a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in this district and in the state of California.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1681p.  Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c), as well as 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That on or about March 12, 2020, Defendant sent Plaintiff an electronic correspondence with the following heading: "COVID-19: A message to our customers."

7. That in the March 12th correspondence, Defendant states the following, in pertinent part: "We also understand that there may be instances where customers find themselves facing financial difficulties.  Capital One is here to help and we encourage

customers who may be impacted to reach out to discuss how we might be of assistance."

8. That Plaintiff, in response to the March 12th correspondence, contacted the Defendant to seek financial assistance with his accounts.

9. That in his communications with the Defendant, Plaintiff was led to believe that he did not have to make any payments on his accounts while he was experiencing financial difficulties brought about by the COVID-19 global pandemic.

10. That on or about June 3, 2020, Defendant mailed Plaintiff an electronic correspondence wherein Defendant states the following, in pertinent part: "We reduced your minimum payment due on June 22 to $0. You don't have to make a payment on this date, and you won't have a late payment fee."

11. That in or about July 2020, however, Plaintiff discovered adverse credit information on his credit report(s) regarding his account.

12. That namely, Defendant was reporting at least four (4) missed payments on his credit report(s).

13. That upon discovering the adverse information, Plaintiff immediately contacted the Defendant to dispute the adverse reporting and avoid further damage to his credit report(s).

14. That despite Plaintiff's efforts, Defendant failed to properly investigate Plaintiff's dispute and continued to report the account negatively and inaccurately on Plaintiff's credit report(s).

15. That the negative and inaccurate reporting remained on Plaintiff's credit report(s).

16. That on or about September 20, 2020, Plaintiff sent the Defendant yet another letter disputing the inaccurate information reported by Defendant.

17. That on or about September 29, 2020, Defendant mailed Plaintiff a letter wherein the Defendant states the following, in pertinent part: "We have confirmed that the late payments we are reporting for April 2020, May 2020, June 2020, and July 2020 are

accurate. Because this information is correct, we do not need to change how we update it to the credit bureaus."

18. That Defendant, in the midst of a global crisis, reached out to its customers in a misleading and deceptive manner, purporting to offer financial assistance, but failed to clearly communicate the ramifications of accepting that assistance.

19. That upon information and belief, consumers, such as the Plaintiff, were given incomplete information regarding said assistance, which ultimately led to adverse consequences on their credit reports and lower credit scores.

20. That as a result of Defendant's conduct, Plaintiff suffered damages.

**AS AND FOR A FIRST CAUSE OF ACTION**

21. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

22. That in an attempt to collect on an alleged debt, Defendant reported the Plaintiff's account to various credit agencies.

23. That Defendant caused adverse information to appear on Plaintiff's credit report(s).

24. That the adverse account(s) or negative tradeline(s) being reported by the Defendant were inaccurate.

25. That in or about July 2020 and in or about September 2020, Plaintiff mailed Defendant letters wherein Plaintiff disputed in writing, the adverse account being reported on his credit report(s) by the Defendant and requested removal of said adverse reporting.

26. That as of the date of the filing of this Complaint, the negative tradeline(s) reported by Defendant remain on Plaintiff's credit report(s).

27. That Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by: continuing to represent the account inaccurately to the Plaintiff's credit file with the credit reporting agencies; failing to fully and properly investigate the Plaintiff's

dispute of the representation; failing to review all relevant information regarding same; failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct their own internal records.

28. That as a result of this conduct, action and inaction of the Defendant, the Plaintiff suffered damage including but not limited to: loss of credit[1]; loss of the ability to purchase and benefit from credit; actual credit denials; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. [2]

29. That the conduct, action and inaction by the Defendant was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.[3] In the alternative, the Defendant was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

---

[1] Reporting a debt to a credit reporting agency has an adverse consequence on the debtor, as it may damage the debtor's credit rating and the debtor's ability to obtain credit. See *Nelson v. Equifax Info. Servs., LLC*, 522 F.Supp.2d 1222, 1234–35 (C.D.Cal.2007).

[2] "Actual damages" as that term is used in the FCRA includes noneconomic damages. *Levine v World Financial Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006); *Philbin v. TransUnion Corp.,* pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). 101 F.3d 957 (3d Cir. 1996); *Boris v. Choicepoint Services, Inc.,* 249 F. Supp.2d 851, 859 (W.D. Ky.2003) (citations omitted) ("It is well settled that actual damages under the FCRA are not limited to pecuniary out of pecuniary out of pocket losses but may include non-pecuniary damages for humiliation, mental distress, and injury to one's reputation and creditworthiness"); *Guimond v TransUnion Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995).

[3] The U.S. Supreme Court has held that "The [Ninth Circuit] Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of §1681n(a)." *Safeco Ins. Co. v Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2216, 167 L.Ed.2d 1045 (2007). "Reckless disregard" means an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.*, 551 U.S. at 69, 127 S. Ct. at 2215, quoting *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

5

Class Action Complaint for Damages

30. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**AS AND FOR A SECOND CAUSE OF ACTION**

31. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. California Civil Code §1785.25 prohibits a person from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.[4]

33. That by its acts and practices as hereinabove described, the Defendant willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information about the Plaintiff to various consumer reporting agencies.[5]

34. That Plaintiff is entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.[6]

---

[4] The private right of action to enforce provision of California credit reporting law proscribing the furnishing of incomplete or inaccurate information to consumer credit reporting agency is <u>not</u> preempted by the FCRA. Fair Credit Reporting Act, § 605 et seq., 15 U.S.C.A. § 1681c et seq.; West's Ann. Cal. Civ. Code § 1785.25(a).

[5] Unlike the FCRA, there is no notice requirement under the California Code. This violation is triggered upon the initial furnishing of inaccurate information, regardless of the date when a subsequent dispute is made. CA Civil Code § 1785.25(a).

[6] California Civil Code §1785.31 provides a remedy for "negligent" and "willful" violations of the CCRAA. An individual who suffers damages as a result of the violation can recover actual damages, including attorney's fees and court costs, as well as punitive damages up to a maximum amount of $5,000 for willful violations.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   i. Defendant has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title; and

   ii. Defendant has violated §1788.13 which prohibits false representations that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency.[7]

37. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

38. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to actual damages, penalties of at least $1,000.00 per violation as provided for in the Act.

39. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

---

[7] Reporting debts to credit reporting agencies is one of the most commonly-used arrows in the debt collector's quiver. *Moscona v California Business Bureau, Inc.* 2011 WL 5085522 at *4 (quoting *Edeh v Midland Credit Mgmt., Inc.*, 748 F. Supp.2d 1030, 1035 (D. Minn. 2010).

## AS AND FOR A FOURTH CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41. That the Defendant breached its contract with the Plaintiff by the following acts which include, but are not limited to: failing to provide proper disclosures; failing to remove negative and false reports, publishing false and inaccurate information and/or failing to accurately verify, report and update inaccurate information it published to the major credit bureaus.

## AS AND FOR A FIFTH CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

43. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

44. That Defendant, by engaging the acts hereinabove described, has committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

45. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

46. That consumers, like the Plaintiff, are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant's conduct.

47. That the Defendant has been unjustly enriched by committing said acts.

48. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

49. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.

50. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover actual damages and restitution.

## CLASS ALLEGATIONS

51. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

52. The first cause of action is brought on behalf of Plaintiff and the members of a class.

53. That the class consists of all persons whom Defendant's records reflect resided in the state of California, received correspondence from the Defendant regarding financial difficulties brought about by COVID-19, were offered financial assistance programs to address said hardships, were misled by Defendant's misrepresentations and suffered negative credit reporting as a result.

54. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the facts that the activity, including Defendant's marketing practices and credit reporting, are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant committed various misrepresentations and/or violated the aforementioned statutes by failing to follow appropriate procedures.

   (C) The only individual issue is the identification of the consumers like the Plaintiff, a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and consumer-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing consumer protection statutes and other laws. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

55. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

56. Communications and any credit reporting made at the direction of the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**WHEREFORE,** Plaintiff respectfully prays for the following relief and that judgment be entered against the Defendant as follows:

(a) An order certifying the Class defined above, appointing the Plaintiff as class representative, and appointing his attorney as class counsel;

(b)  Statutory damages and actual damages provided by statute, including, but not limited to: Civil Code §1788.30 et seq., 15 U.S.C. §§ 1681n and 1681o and California Civil Code §1785.31, in an amount to be determined at the time of trial;

(c)  Statutory, actual and punitive damages pursuant to California Civil Code §17200 in an amount to be determined at the time of trial;

(d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n; California Civil Code §1785.31; California Civil Code §1788.30, et seq.; common law; and/or the Court's inherent power;

(e)  Equitable and injunctive relief;

(f)  Restitution; and

(g)  For such other and further relief as may be just and proper.

Plaintiff requests trial by jury on all issues so triable.

Dated: November 20, 2020                AMIR J. GOLDSTEIN, ESQ.

                                         ___/S/ Amir J. Goldstein_____
                                         Amir J. Goldstein, Esq.
                                         **Attorney for Plaintiff**
                                         7304 Beverly Blvd., Suite 212
                                         Los Angeles, CA 90036
                                         Tel 323.937.0400
                                         Fax 866.288.9194